IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 17, 2018 Session

## YVONNE KIMBER v. CITY OF KNOXVILLE, TENNESSEE

**Chancery Court for Knox County**
**No. M-17-194061-2    Clarence Pridemore, Jr., Chancellor**

### No. E2018-00940-COA-R3-CV

The Notice of Appeal in this case indicates on its face that the appellant is appealing from a decision entered on May 22, 2018. However, there is no final judgment in the proceedings below entered on May 22, 2018, or any other date. Because the case remains pending in the Chancery Court, we lack jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CHARLES D. SUSANO, JR., J., D. MICHAEL SWINEY, C.J., AND JOHN W. MCCLARTY, J.

Yvonne Kimber, Knoxville, Tennessee, appellant, *pro se*.

No appearance by or on behalf of the appellee, City of Knoxville, Tennessee.

### MEMORANDUM OPINION[1]

This Court was alerted by the Clerk and Master, prior to transmission of the record, that there was no final judgment entered on May 22, 2018, and that the case

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

remained pending in the proceedings below. As a result, and pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction as there was not a final judgment from which an appeal as of right would lie. The appellant filed no response to the show cause order. The Court then reviewed the record for this appeal upon transmission to determine whether the Court had subject matter jurisdiction to hear this matter. It is apparent from the record that there is no final judgment in the proceedings below entered on May 22, 2018, or any other date.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there is not a final judgment resolving all of the claims and issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Accordingly, this appeal is dismissed. Costs on appeal are taxed to the appellant, Yvonne Kimber, for which execution may issue if necessary.


**PER CURIAM**